UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE LOWERY,<br><br>                Petitioner,<br><br>vs.<br><br>GEORGE NEOTTI, Warden,<br><br>                Respondent. | Civil No.   10-2371 IEG (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS, AND**<br><br>**(2) DISMISSING PETITION FOR FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS** |

      On November 16, 2010, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. (Doc. Nos. 1, 2.) By Order dated November 29, 2010, this Court denied Petitioner's request to proceed in forma pauperis for Petitioner's failure to provide the Court with sufficient information to determine his financial status, and dismissed the Petition for his failure to state a cognizable claim on habeas corpus. (*See* Order dated November 29, 2010 [doc. no. 3].)  To have the case reopened, Petitioner was advised he must either pay the $5 filing fee or submit adequate proof of his inability to pay the fee, and file a First Amended Petition which cured the pleading deficiencies noted in the Order no later than January 10, 2011.

1   On December 20, 2010, Petitioner filed a First Amended Petition along with a Prison
2   Trust Fund Account Statement. (Doc. Nos. 6, 7.)

### REQUEST TO PROCEED IN FORMA PAUPERIS

4   The Court construes Petitioner's Prison Trust Fund Account Statement as a request to
5   proceed in forma pauperis. Petitioner has $0.00 on account at the California correctional
6   institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus,
7   the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner
8   to prosecute the above-referenced action as a poor person without being required to prepay fees
9   or costs and without being required to post security. The Clerk of the Court shall file the Petition
10  for Writ of Habeas Corpus without prepayment of the filing fee.

### FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

12  Upon review of the First Amended Petition, it again appears to the Court that a Petition
13  for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims
14  Petitioner presents. Petitioner reiterates the same problems he claimed in his original Petition
15  that he is facing in prison. Specifically, Petitioner once again claims that his Eighth Amendment
16  right not to be subjected to cruel and unusual punishment has been violated because the prison
17  doctor did not give him painkillers for chronic pain, and the doctor has acted with deliberate
18  indifference "to a prisoner's serious illness or injury." (Pet. at 6.) As the Court stated in its
19  November 29. 2010, Order, Petitioner's claim is not cognizable on habeas because it does not
20  challenge the constitutional validity or duration of confinement. See 28 U.S.C. § 2254(a);
21  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 480-85
22  (1994). "Section 2254 applies only to collateral attacks on *state court judgments*." McGuire v.
23  Blubaum, 376 F. Supp. 284, 285 (D. Ariz. 1974)(emphasis added).

24  In no way does Petitioner claim his state court conviction violates the Constitution or laws
25  or treaties of the United States. Rule 4 of the Rules Governing Section 2254 Cases provides for
26  summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and
27  any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4,
28  28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled

1  to federal habeas relief because he has not alleged that the state court violated his federal rights.

2  Challenges to the fact or duration of confinement are brought by petition for a writ of
3  habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are
4  brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser, 411 U.S. at 488-500.
5  When a state prisoner is challenging the very fact or duration of his physical imprisonment, and
6  the relief he seeks is a determination that he is entitled to immediate release or a speedier release
7  from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500. On the
8  other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional
9  challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at
10 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). It
11 appears that Petitioner challenges the conditions of his prison life, but not the fact or length of
12 his custody. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's request to proceed in forma pauperis and **DISMISSES** the case without prejudice and with leave to amend. If Petitioner wishes to challenge the fact or duration of his confinement by attacking his state court conviction, he must, **no later than March 15, 2011** file a Second Amended Petition. If he wishes to challenge the conditions of his prison life, he must, **no later than March 15, 2011**: (1) file a new civil complaint pursuant to 42 U.S.C. § 1983 which will be given a new civil case number, **AND** (2) pay the $350 filing fee **OR** file a motion to proceed in forma pauperis . **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK SECOND AMENDED HABEAS CORPUS PETITION FORM (28 U.S.C. § 2254) AND A BLANK 42 U.S.C. § 1983 CIVIL COMPLAINT FORM TOGETHER WITH A COPY OF THIS ORDER.**

IT IS SO ORDERED.

DATED: January 7, 2011

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**